**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT DAYTON)**

| | | |
|---|---|---|
| **JULIA STAGGS,** | : | |
| | : | Case No.: |
| Plaintiff, | : | |
| | : | |
| On behalf of herself and all similarly situated individuals, | : | |
| | : | |
| | : | Judge |
| vs. | : | |
| | : | Magistrate Judge |
| **FUYAO GLASS AMERICA, INC.** | : | |
| | : | |
| Defendant. | : | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Now comes Plaintiff JULIA STAGGS ("Plaintiff Staggs"), on behalf of herself and all similarly-situated individuals, including those individuals who have, and will join this case as Party Plaintiffs, for her Complaint against Defendant FUYAO GLASS AMERICA, INC. ("Defendant"), and hereby states as follows:

### I. PRELIMINARY STATEMENT

Plaintiff Staggs, on behalf of herself and all others similarly situated, brings this collective action pursuant to 29 U.S.C. § 216(b), against Defendant seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111 *et seq.*, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Law and the OPPA will be referred to collectively as the "Ohio Acts"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted individually by

1

Plaintiff Staggs and all Ohio Opt-ins who join this case. Plaintiff's allegations as to her own acts are based on personal knowledge and other allegations are made on information and belief.

## II. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed the Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## III. PARTIES

4. Plaintiff JULIA STAGGS is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Plaintiff Staggs was employed by Defendant as a production worker out of Defendant's Moraine, Ohio location from approximately September 6, 2016 until approximately December 13, 2016.

6. Plaintiff Staggs has given her written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit A**.

7. Defendant FUYAO GLASS AMERICA, INC. is a subsidiary of Fuyao Glass Industry Group, Ltd. ("Fuyao Group")—a multinational company that specializes in the manufacture of automobile safety glass and industrial technical glass.

8. Defendant operates four (4) locations in the United States. Defendant's Moraine, Ohio operation is located at 800 Fuyao Avenue, Moraine, Ohio 45439. Defendant may be served through its Registered Agent, Micah M. Siegal, at 2801 W. Stroop Road, Moraine, Ohio 45439.

9. Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

## IV. FACTS

10. All of the preceding paragraphs are realleged as if fully rewritten herein.

11. Defendant is actively doing business in this judicial district, and has been an "employer" as that term is defined by the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

12. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

13. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00.

14. During relevant times, Defendant suffered and permitted Plaintiff Staggs and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one half times their regular rate as a result of Defendant's automatic meal break deduction policy.

15. Upon information and belief, Defendant, at all times relevant hereto, has been fully aware of the fact that it is legally required to comply with the minimum wage payment and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

16. During all times relevant to this action, Defendant had knowledge of and acted willfully in regards to its conduct described herein.

17. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

18. Plaintiff started working for Defendant on or around the day after Labor Day 2016 as a production line worker at a pay rate of $12.00 per hour and terminated her employment on or about December 13, 2016 because of Defendant's failed promises regarding her pay.

19. Defendant, during all times relevant, has operated its Moraine, Ohio facility with thousands of production workers making glass windows for automobiles.

20. During her tenure of employment, Plaintiff worked first shift for Defendant, i.e., with normal working hours Monday through Friday between approximately 7:00 a.m. and approximately 3:30 p.m., although she and similarly situated employees frequently would work outside, i.e., earlier and later than, those normal working hours, including on Saturdays and Sundays.

21. During all times relevant to this action, Plaintiff and similarly situated employees regularly have worked more than forty (40) hours per week.

22. Although Plaintiff and similarly situated employees have clocked in upon arrival for their shift and clocked out at the end of their shift, Defendant has not allowed Plaintiff and similarly situated employees to clock out for meal breaks or clock back in after meal breaks.

23. Rather, Defendant has applied a policy for all production workers that resulted in the automatic deduction of one half hour of time—i.e., almost always hours worked—for each and every day worked.

24. Defendant has deducted this half hour of time each work day even though Plaintiff and similarly situated employees have not been relieved completely from their work duties.

25. Sometimes, Plaintiff and similarly situated employees have not been permitted to leave the production line at all during their shift because, for instance, shareholders were in town observing the production line or because deadlines were approaching.

26. Other times, Plaintiff and similarly situated employees have briefly left the production line during their shift to eat a meal, but have been required to return approximately ten (10) to twenty (20) minutes later.

27. Defendant, even when Plaintiff and similarly situated employees have not been relieved completely from their duties for half an hour for a meal break, has still automatically deducted one half an hour of time from Plaintiff and similarly situated employees' hours worked.

28. During the Thanksgiving weekend of 2016, Defendant, in order to entice production line workers to come to work over the holiday weekend, promised to pay Plaintiff and approximately 100 other similarly situated employees time and one half of their regular rates of pay for all hours they worked on the Saturday and Sunday after Thanksgiving.

29. Plaintiff and approximately 100 other similarly situated employees accepted Defendant's offer, and worked long shifts on Saturday, November 26, 2016 and Sunday, November 27, 2016.

30. Defendant has failed to pay Plaintiff and approximately 100 other similarly situated employees time and one half of their regular rates of pay for all hours they worked on Sunday, November 27, 2016, and instead has offered Plaintiff and approximately 100 other similarly situated employees only a $50.00 gift card for their 8-plus hour shift.

31. Defendant's failure to pay Plaintiff properly and as promised, especially over the Thanksgiving holiday weekend and after Plaintiff made complaints to Defendant's representatives, prompted Plaintiff to terminate her employment with Defendant on or about December 13, 2016.

32. In response to Plaintiff's complaints, Defendant's representatives simply advised Plaintiff that she could pick up her $50.00 gift card from Defendant's security guards.

33. When Plaintiff terminated her employment, she had accrued 17.29 vacation hours.

34. Defendant, during all times relevant, maintained a policy stating that "paid vacation time is earned and accrued on a monthly basis during the calendar year."

35. Defendant further provided that in the event Plaintiff's employment is terminated (either voluntarily or involuntarily), she "will be paid for any vacation accrued but not used in the current year."

36. When deciding to terminate her employment with Defendant, Plaintiff relied on Defendant's policy and counted on receiving her 17.29 hours of vacation pay on her final paycheck.

37. Defendant, however, has failed to pay Plaintiff her accrued vacation pay as promised.

## V. COLLECTIVE ACTION ALLEGATIONS

38. All of the preceding paragraphs are realleged as if fully rewritten herein.

39. Plaintiff Staggs brings her FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other similarly situated individuals of the opt-in class, consisting of:

> **All current and former hourly, non-exempt production employees of Defendant working in the Moraine, Ohio location who during the previous three years worked over forty hours in any workweek and were paid pursuant to the Defendant's automatic meal break deduction policy (the "FLSA Class" or the "FLSA Class Members").**

40. Plaintiff Staggs and putative FLSA Class Members have been subject to the same policy whereby Defendant has automatically deducted 0.5 hours from their compensable hours on their shifts for a meal break when Defendant has known or should know that the employees continued to perform substantial duties for their employer's benefit during those meal breaks. Plaintiff Staggs and putative FLSA Class Members were unable to take meal breaks and/or had their meal breaks interrupted by their duties.

41. In addition to Plaintiff Staggs, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendant's department-wide automatic meal deduction policy. Plaintiff Staggs is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

42. The identity of the putative FLSA Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for minimum wage violations, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

7

## VI. CLASS ACTION ALLEGATIONS

43. Plaintiff Staggs brings her Ohio Minimum Fair Wage Standards Act ("MFWSA") claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former hourly, non-exempt production employees of Defendant working in the Moraine, Ohio location who during the previous three years worked over forty hours in any workweek and were paid pursuant to the Defendant's automatic meal break deduction policy (the "Rule 23 Class" or the "Rule 23 Class Members").**

44. The Rule 23 Class includes all individuals employed in the production department at Defendant's Moraine, Ohio location.

45. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

46. Plaintiff Staggs is a member of the Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

47. Plaintiff Staggs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

48. Plaintiff Staggs has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

49. Plaintiff Staggs has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

50. Questions of law and fact are common to the Rule 23 Class.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish

incompatible standards of conduct for Defendant with respect to their non-exempt employees.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant has acted or otherwise has refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiff Staggs and the Rule 23 Class as a whole.

53. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and fact common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

54. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the MFWSA by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant calculated the Rule 23 Class' overtime rate of pay as required by the statute; (d) whether Defendant's violations of the MFWSA were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Plaintiff Staggs and other members of the Rule 23 Class on account of Defendant's violations of the MFWSA; and (f) what amount of prejudgment interest is due to Rule 23 Class Members on the overtime or other compensation which was withheld or not paid to them.

55. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiff Staggs and counsel are not aware of any pending

Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – Collective Action for Unpaid Wages

56. All of the preceding paragraphs are realleged as if fully rewritten herein.

57. During all times relevant to this action, Defendant has employed Plaintiff and the FLSA Collective Members.

58. This claim is brought as part of a collective action by Plaintiff Staggs on behalf of herself and the 216(b) Class.

59. The FLSA requires that employees receive wages at the minimum rate of $7.25 per hour. 29 U.S.C. § 206(a)(1).

60. During the three years preceding the filing of this Complaint, Defendant employed the Plaintiff and the 216(b) Class Members at Defendant's Moraine, Ohio location.

61. During all times relevant to this action, Plaintiff Staggs and the 216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

62. During all times relevant to this action, Plaintiff Staggs and the 216(b) Class Members have regularly worked in excess of forty (40) hours in various workweeks.

63. Defendant has violated the FLSA with respect to Plaintiff Staggs and the 216(b) Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for

hours worked over forty (40) hours in a workweek as a result of Defendant's automatic meal deduction policy.

64. During all times relevant to this action, Plaintiff Staggs and the 216(b) Class Members have not been exempt from receiving FLSA overtime benefits. Defendant has known or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant has willfully withheld and failed to pay the overtime compensation to which Plaintiff Staggs and the 216(b) Class Members are entitled.

65. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff Staggs and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

66. As a direct and proximate result of Defendant's conduct, Plaintiff Staggs and the 216(b) Class Members have suffered and continue to suffer damages. Plaintiff Staggs seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the 216(b) Class Members.

## SECOND CAUSE OF ACTION:
## R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. This claim is brought under Ohio Law.

69. During all times relevant to this action, Plaintiff Staggs and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio Law.

70. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

71. During all times relevant to this action, Plaintiff Staggs and the Rule 23 Class Members have worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but have not been paid overtime wages for this time spent working.

72. Defendant by imposing a department-wide corporate policy of automatically deducting a 0.5 hour meal break from Plaintiff Staggs and Rule 23 Class Members' compensable hours at the Moraine, Ohio location when the employees did not receive a meal break or had an interrupted or shortened meal break has deprived Plaintiff and the Rule 23 Class Members of overtime wages to which they were entitled.

73. Plaintiff Staggs and the Rule 23 Class have not been exempt from the wage protections of Ohio Law.

74. Defendant's repeated and willful failures to pay overtime wages to Plaintiff Staggs have violated R.C. §4111.03, and as such, Defendant has willfully withheld and has failed to pay the overtime compensation to which Plaintiff Staggs and the Rule 23 Class Members are entitled.

75. Plaintiff Staggs and the Rule 23 Class Members are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of R.C. §4111.03, by which Plaintiff Staggs and the Rule 23 Class Members have suffered and continue to suffer damages.

## THIRD CAUSE OF ACTION
## R.C. 4113.15—Rule 23 Class Action for Violations of Ohio's Prompt Pay Act ("OPPA")

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. Plaintiff Staggs and the Rule 23 Class Members were employed by Defendant.

78. During all relevant times, Defendant was an entity covered by the OPPA and Plaintiff Staggs and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

79. The OPPA requires Defendant to pay Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

80. During all times relevant to this action, Defendant has failed to pay Plaintiff Staggs and the Rule 23 Class Members all wages due within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B), including overtime wages at one and one-half times their regular rate.

81. The Plaintiff and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

82. In violating the OPPA, Defendant has acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

# FOURTH CAUSE OF ACTION:
## Recordkeeping Violations of the Ohio Wage Law

83. All of the preceding paragraphs are realleged as if fully rewritten herein.

84. The Ohio Wage Law requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

85. During times relevant to this action, Defendant has been a covered employer, required to comply with the Ohio Wage Law's mandates.

86. During times relevant to this action Plaintiff and the putative Opt-ins have been covered employees entitled to the protection of the Ohio Wage Law.

87. During times relevant to this action, Defendant has violated the Ohio Wage Act with respect to the Plaintiff and the putative Opt-ins by failing to properly maintain accurate records of all hours Plaintiff and the putative Opt-ins worked each workday and within each workweek.

88. In violating the Ohio Wage Act, Defendant has acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

# FIFTH CAUSE OF ACTION:
## Promissory Estoppel

89. All of the preceding paragraphs are realleged as if fully rewritten herein.

90. During times relevant to this action Plaintiff has not had a contract with Defendant, and Plaintiff's employment was at will.

91. Defendant promised to pay Plaintiff time and one half her regular rate of pay for all hours she worked on Sunday, November 27, 2016 and promised to pay her all her accrued vacation pay upon her termination, regardless of reason.

92. Defendant, during Plaintiff's at-will employment, did not attempt to change the terms of Plaintiff's employment.

93. Plaintiff, thus, was not faced with a choice to accede to such changes or terminate her employment.

94. Plaintiff, by agreeing to work over her Thanksgiving holiday weekend, relied on Defendant's promise to pay her a premium rate of pay.

95. Plaintiff, in voluntarily terminating her employment, relied on Defendant's promise to pay her all her accrued vacation upon her voluntary termination.

96. The circumstances of Plaintiff's relationship with Defendant made it reasonable for Plaintiff to rely on Defendant's promises.

97. For instance, Plaintiff's reliance on Defendant's Thanksgiving holiday promise of premium pay was justifiable because Defendant did, in fact, pay her the promised premium pay for her Saturday work.

98. Moreover, Plaintiff's reliance on Defendant's promise of payment of accrued vacation pay upon termination was reasonable because Defendant's policy was, among other things, written in its employee handbook.

99. Defendant's actions injured Plaintiff by depriving her of pay for the hours she worked on Sunday, November 27, 2016 and of 17.29 hours of accrued vacation pay.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiff, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

F. Awarding to Plaintiff and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

G. Awarding to Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

H. Awarding Plaintiff, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

I. Awarding Plaintiff, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

J. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

K. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

L. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

                                Respectfully submitted,

                                **BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Trent R. Taylor (OH Bar No. 0091748)
Molly K. Tefend (OH Bar No. 0093574)
250 E. Broad Street, 10th Floor
Columbus, Ohio 43215
T: (614) 221-4221
F: (614) 744-2300
bderose@barkanmeizlish.com
ttaylor@barkanmeizlish.com
mtefend@barkanmeizlish.com

- and –

**MANGANO LAW OFFICES CO., L.P.A.**

s/ *Ryan K. Hymore*
Ryan K. Hymore (0080750)
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Co-Counsel for Plaintiff and Plaintiff Classes*