# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

Julie Staggs, *et al.*,

        Plaintiffs,                Case No. 3:17-cv-191

v.                                    Judge Thomas M. Rose

Fuyao Glass America, Inc.,

        Defendant.

---

**ENTRY AND ORDER GRANTING PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FOR COURT-AUTHORIZED NOTICE (ECF 19).**

---

This matter is before the Court on Plaintiffs' Pre-Discovery Motion for Conditional Certification and Court Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b). (ECF 19). Plaintiffs have moved the Court for an order conditionally certifying this lawsuit as a collective action and authorizing the dissemination of the Notice and Consent to Join form to the following current and former employees of Defendant:

> All current and former hourly, non-exempt production employees of Defendant working in the Moraine, Ohio location who during the previous three years have worked at least forty hours in any workweek (the "FLSA Class" or the "FLSA Class Members").

– and –

> All current and former hourly, non-exempt production employees of Defendant working in the Moraine, Ohio location who have worked any period of hours and have been paid for that work in the form of a gift card and not wages or the appropriate overtime wages (the "FLSA Gift Card Sub-Class" or the "FLSA Gift Card Sub-Class Members")

1

(ECF 19 PageID 152-53)

Plaintiffs seek an order conditionally certifying a collective action for unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b), defined as:

> All persons who are or have been employed by Self-Reliance as Direct Care staff in Ohio, or other job titles performing similar job duties, who did not receive premium overtime pay at a rate of not less than one and one-half times their regular rate of pay when they worked more than forty (40) hours in a workweek, at any time from August 25, 2012 through the entry of final judgment.

29 U.S.C. § 216(b).

The same section further provides:

> An action .... may be maintained against any employer ... in any Federal or State Court of competent jurisdiction by any one or more employees for and [o]n behalf of himself or themselves and other employees similarly situated. No employee shall become a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is sought.

29 U.S.C. § 216(b).

The collective action provisions of the FLSA, 29 U.S.C. § 216(b), authorize a trial court to issue court-supervised notice to potential class members. In *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), the Court reasoned that the class action provision of the FLSA conferred upon trial courts the authority to manage the process of joining additional parties. 493 U.S. at 169–73. District court rulings on certifications of FLSA class actions are reviewed for an abuse of discretion. *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 873 (6th Cir. 2012).

There is a two-tiered process for notice to an FLSA class: first a conditional certification stage, followed by a decertification stage after the close of discovery. Id. In the conditional

certification stage, a plaintiff's burden is to show the existence of other employees who appear to be similarly-situated in both their job duties and the employer's treatment of their entitlement to overtime pay. See, e.g., *Theissen v. General Electric Cap. Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001); *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). This determination is distinct from the merits of the named plaintiffs' claims. *Theissen*, 267 F.3d at 1106–07. In the conditional certification stage, a liberal standard for measuring similarly-situated employees is used. *Hipp*, 252 F.3d at 1208. Accord M*ooney v. Aramco Services Co*., 54 F.3d 1207, 1214 (5th Cir. 1995) ("lenient standard").

In the instant case, Plaintiffs have brought their unpaid wage claims individually and on behalf of similarly situated employees, seeking conditional certification of and notice to members of a putative collective of Defendant and a further sub-Class. The allegations in the Complaint and Plaintiffs' declarations agree that Defendant's staff share similar primary job duties and responsibilities and are alleged to be victims of the same policy, decision and practice to deny them overtime pay. This suffices to consider Plaintiffs and the putative collective members and sub-Class members similarly situated for purposes of conditional certification.

Notice must be "timely, accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 172. Plaintiffs' proposed Notice and Consent to Join form is accurate and informative. Both the proposed Notice and Consent to Join form advises putative collective members of the pending litigation, describes the legal and factual bases of Plaintiffs' claims, informs collective members of the right to opt in and that participation in the lawsuit is voluntary, and provides instructions on how to opt in.

In order to accurately, efficiently, and quickly facilitate the Court-authorized Notice and Consent to Join form, the Court orders Defendant to produce to Plaintiffs' counsel a list of all

putative class members or sub-Class members who have worked for Defendant at the Moraine, Ohio facility in the last three years, including their names, positions of employment, last-known mailing addresses, last-known telephone numbers, email addresses, work locations, and dates of employment. Defendant is to provide this information to Plaintiffs' counsel within 14 days of the Court's Order granting this Motion.

Courts have discretion in deciding how notice is disseminated. Plaintiffs' counsel is permitted to send within 20 days of the Order granting this Motion, the Court-authorized Notice and Consent Form via U.S. Mail and electronic mail to putative class members. Notice should also be posted at Self-Reliance facilities. Plaintiffs also request a 60-day opt-in period for the putative class. See, e.g., *Hardesty v. Litton's Mkt. & Rest., Inc*., No. 3:12-cv-60, 2012 WL 6046697, at *2 (E.D. Tenn. Dec. 5, 2012) (authorizing a 60-day opt in period). Additionally, Plaintiffs' counsel is authorized to send a second, identical copy of the Notice and Consent Form to members of the putative class 30 days into the opt-in period, reminding them of the deadline for the submission of the Consent Forms.

Plaintiffs' Motion to Conditionally Certify Collective Action and For Court-Authorized Notice is **GRANTED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, February 7, 2018.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
