UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JULIE STAGGS.,

      Plaintiff,                                  Case No. 3:17-cv-191

vs.

FUYAO GLASS AMERICA, INC.,         Magistrate Judge Michael J. Newman
                                                                         (Consent Case)

      Defendant.

_____

**ORDER AND ENTRY DENYING DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SETTLEMENT DOCUMENTS UNDER SEAL (DOC. 137)**
_____

        This civil case is before the Court on Defendants' unopposed motion for leave to file under seal a settlement agreement between the parties, as well as their motion for preliminary approval of the Fair Labor Standards Act ("FLSA") collective action settlement. Doc. 137.

        A party maintaining that records should be sealed from public view bears a heavy burden of setting forth specific reasons why the interests in "nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016); *see also Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016). Such burden applies even where, as here, no "party objects to the motion to seal." *See id.* (stating that "[a] court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody").

        While, generally, "settlement agreements are not judicial documents that require preservation of public access[,]" "FLSA cases are different." *Altier v. A Silver Lining LLC*, No. 2:17-CV-599, 2017 WL 10402564, at *1 (S.D. Ohio Nov. 15, 2017). FLSA cases are different because the public possesses an "interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement"; and because of "the 'private-public character' of employee rights under the FLSA, whereby the public has an 'independent interest in assuring that

employees' wages are fair and thus do not endanger the national health and well-being.'" *Id.* (citing *Hens v. Clientlogic Operating Corp.*, No. 05-CV-381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010). Accordingly, "[a]lthough the Sixth Circuit has not yet weighed in on this issue, the overwhelming majority of trial courts to consider whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements in these cases." *Zego v. Meridian-Henderson*, No. 2:15-CV-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016).

In fact, the overwhelming number of substantive decisions from this Court agree that FLSA settlement agreements should not be filed under seal when court approval of those agreements is sought. *See id.*; *Altier*, 2017 WL 10402564, at *2; *Stanley v. Turner Oil & Gas Props., Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *2 (S.D. Ohio July 24, 2017) (denying a request to redact the monetary terms of an FLSA settlement agreement); *Schmalenberg v. Dysphagia Mgmt. Sys., LLC*, No. 1:18-CV-99, 2019 WL 978472, at *2 (S.D. Ohio Feb. 28, 2019) ("Courts in this district have regularly refused to seal FLSA settlement agreements"); *Fairfax v. Hogan Transp. Equip., Inc.*, No. 2:16-CV-680, 2019 WL 466148, at *3 (S.D. Ohio Feb. 6, 2019); *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) ("fellow District Courts have recognized parties may not seal a proposed FLSA settlement agreement merely because the parties considered the agreement to be confidential").

Because sealing settlement agreements in FLSA cases "contravenes the legislative purpose of the FLSA," *see id.*, Defendants' motion for leave to seal is **DENIED**.

**IT IS SO ORDERED.**

Date:   November 25, 2019            s/ Michael J. Newman
                                     Michael J. Newman
                                     United States Magistrate Judge